Paul BERGER; John Querci; Ronald Hughes; Judith Hughes; Min Ru; Christopher Flynn; Cal Meland; Barry Wolinsky; John Drake; Bradley Perna; Jason Mendenhall; Thomas Johnston; Kenneth Griffin; Marc A. Topaz; Luis San Andres; Alan Treski; David M. Kammerer; Michael A. Ingenito; Kyna Sah; Chinhi Song; Jong E. Lee; Fong Ou; Susan Black; Robert Bortner, II; Robert C. Mason, Plaintiffs–Appellants,

v.

Andrew K. LUDWICK; Paul J. Severino; William J. Ruehle; Jeffry R. Allen; Gary J. Bowen; Dominic Orr; Vito E. Palermo; R. Stephen Cheheyl; Bruce I. Sachs; Bay Networks, Inc., Defendants–Appellees.

No. 00–16808.

D.C. No. CV–97–00728–CAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 1, 2001.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM *

The district court properly dismissed the plaintiffs' third amended complaint with prejudice. Although we do not address each of the complaint's 196 paragraphs in this disposition, we have reviewed the entire complaint and agree with the district court that "the addition of words and the length of a complaint are no substitute for the clarity and specificity envisioned" by the Private Securities Litigation Reform Act ("PSLRA"), as interpreted by this circuit in *In re Silicon Graphics, Inc., Sec. Litig.*, 183 F.3d 970 (9th Cir.1999). Much of the complaint involves an attempt to create false statements by misconstruing what was actually said. Other portions of the complaint attack forward-looking statements, but without sufficient detail to explain why plaintiffs believe these statements were actually false and known to be false when made. 15 U.S.C. § 78u–4(b); *see Silicon Graphics*, 183 F.3d at 984–85.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Similarly, the insider stock sales do not give rise to a strong inference of the required scienter. The sales were not exceptionally large in light of the insiders' total holdings, the total capitalization of the company and the fact that the complaint aggregates sales which occurred in smaller portions over a lengthy period of time. The timing of many sales was not in the least suspicious, and some did not occur until after the stock had already fallen substantially. *See Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir.2001) (when insiders "miss the boat" their sales do not support an inference they were manipulating the market). Although there were no sales prior to the class period, this was not unusual since Bay Networks was a newly formed company and the defendants were precluded from trading during much of the pre-class period by securities rules. *Id.* at 436; 15 U.S.C. § 78p(b).

Taken as a whole, the complaint does not allege facts raising a strong inference that the defendants acted intentionally or with deliberate recklessness to mislead investors. AFFIRMED.